UNITED STATES of America,
Plaintiff,

v.

James Edward CARRIKER, Defendant.

Cr. No. 1109.

United States District Court
W. D. North Carolina,
Charlotte Division.

Jan. 7, 1959.

J. M. Baley, Jr., U. S. Atty., Ashville, N. C., William J. Waggoner, Asst. U. S. Atty., Charlotte, N. C., for the United States.

William H. Abernathy, Charlotte, N. C., for defendant.

WARLICK, District Judge.

This is a criminal action in which the defendant was indicted by the Grand Jury at Statesville, at the September Term, 1958, charged with a violation of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 462, —the bill in substance charging that the defendant, on February 25, 1958, "did willfully refuse to be inducted into the armed forces of the United States when so commanded by the inducting officer." On the call of the case at the October Term, 1958, defendant, being present with counsel of his own choosing, and after arraignment, pleaded not guilty and executed written waiver of jury trial. After the presentation of evidence, the hearing of argument and the filing of briefs, the case was thereupon submitted to the court and the following Findings of Fact are made:

The defendant was born on February 12, 1935; that after attaining the age of 18 he registered with Local Board 91, Union County, North Carolina, and on March 6, 1953, acknowledged receipt of registration certificate which reflected his registration with said Local Draft Board.

Thereafter, on November 8, 1953, defendant became a member of the Rocky River True Light Church of Christ of Monroe, North Carolina, by baptism.

On September 13, 1954, defendant returned his Selective Service classification questionnaire, at which time he stated that by reason of religious training and

belief he was conscientiously opposed to participation in war of any form, and requested special form for conscientious objectors from the Local Board, which form he filled out and returned to the Local Board on September 20, 1954. He set forth therein that he was a member of the Rocky River True Light Church of Christ, whose official creed opposes participation in war; that the creed of the church teaches that members are to love their neighbors as themselves, and that they believe their neighbors to be everyone with whom they come in contact; that he further stated he was opposed to both combatant and non-combatant military service by reason of teachings from childhood. On this form he failed to answer the question regarding prior public expression as to his views concerning conscientious objection to war, nor is there any evidence of such prior statements by defendant.

On October 20, 1954, he was classified I–A by unanimous vote of Local Board 91, and on November 1, 1954 defendant filed with Local Board 91 notice of appeal.

In accordance with procedures prescribed under the Act and by regulation, the matter was referred to the United States Attorney for the Western District of North Carolina, who secured an investigation of the matter by the Federal Bureau of Investigation. A résumé of this investigation prepared January 10, 1955, was furnished to the defendant prior to the hearing on February 12, 1955, before Honorable Hugh L. Lobdell, Hearing Officer for the Department of Justice, at which hearing defendant was present and presented evidence. Thereupon the findings and recommendation of the hearing officer were transmitted to the Department of Justice for its recommendation. After consideration of the matter, and concurring with the hearing officer's opinion, the Department of Justice recommended that the defendant's claim as a conscientious objector should not be sustained. On June 2, 1955, defendant was forwarded a copy of the recommendation of the Department of Justice concerning his claim, and he was advised to file a written reply with the Appeal Board concerning the recommendation of the Department. Defendant filed his reply wherein he stated he was a member of the church of his own volition; that the hearing officer misjudged his sincerity, for he sincerely believed that war in any form is wrong. Enclosed with his reply were four affidavits supporting the bona fides of his claim for exemption.

On September 14, 1955, the Appeal Board of the Selective Service System for the Western Federal Judicial District of the State of North Carolina, having before it the benefit of the résumé of the Federal Bureau of Investigation report, the information obtained from the inquiry conducted by said Hearing Officer, the recommendation of the Department of Justice, together with statements and affidavits made by the defendant and his witnesses, by unanimous vote classified defendant I–A. Defendant was duly notified of this action.

The evidence before the Appeal Board as aforesaid which would tend to support their finding that the defendant was not in fact sincere in his claim to be a conscientious objector is as follows:

(a) That prior to registration with the draft board, there is evidence that although he had shown signs of overcoming them, defendant was a mischievous, reckless, bully who was known to drink intoxicants; that he is not regarded as an especially religious person; that his membership in the Church of Christ did not occur until after defendant had registered with the draft when it became apparent that military service was imminent; that after registering with the draft board, and after joining the church, defendant stated to a neighbor that he expected to be called by the draft board but did not discuss his views on religion or military service; that on another occasion, in discussing the purchase of a farm with a neighbor, he was reminded that he would soon be in the Army, to which defendant replied that he "did not think they would need him for another two years," and he did not at this time

mention conscientious objection; that defendant has a brother of the same faith then in noncombatant service with the United States Army, although the brother is regarded by neighbors and friends of the defendant as the quieter of the two boys.

(b) When defendant appeared before the Hearing Officer on February 12, 1955, it appeared to the Hearing Officer that the registrant had no information as to how his church operated or how it was governed; that on being asked about passages in the Bible on which he based his belief, he referred to two passages in the Bible: "Thou shalt not kill," and "Love thy neighbor as thyself". He later said he did not attach any importance to the Old Testament, since the teachings of the Old Testament had been superseded by the New Testament, and made no comment on the fact that his stated belief was based on the Ten Commandments, a part of the Old Testament; that the registrant showed no familiarity with the Bible, and that from his demeanor and appearance the Hearing Officer became convinced that he was simply repeating what he had been told to say by the people who had come with him to the hearing. The Hearing Officer concluded that they were undertaking to impose their beliefs on the registrant, who, in fact, had no such beliefs of his own and, therefore, defendant had no sincere belief against participation in war in any form.

On September 30, 1955, the defendant notified Local Board 91, Union County, that he was appealing to the President for a change in his classification. However, the Board did not process his file for such appeal.

On February 5, 1958, defendant was ordered to report for induction on February 24, 1958, and in accordance with that request, defendant presented himself for induction; after being found physically, mentally, and morally qualified for service in the United States Army, he refused to be inducted on the ground that he was a conscientious objector, giving rise to prosecution in this case.

I conclude as a matter of law:

■ That Local Board 91, Union County, accorded defendant every procedural right provided by law, and that his rights have in no manner been denied him, and he has been given every opportunity to be heard and to present his views and prepare his case.

■ That Local Board 91, Union County, properly declined to review and to process his file for appeal to the President, inasmuch as his attempted appeal did not fall within the provisions of Title 32, CFR., Section 1627.3.

That there is basis in fact for the I–A classification, and such classification by the Appeal Board was not arbitrary or capricious.

■ I find the defendant guilty as charged. The defendant will appear before the Court at such time as is later set so that the sentence may be pronounced.